Christopher J. VANDER KLEY,
Plaintiff—Appellant,

v.

ACSTAR INSURANCE COMPANY,
Defendant—Appellee.

No. 05–35679.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 28, 2007.*

Filed Nov. 15, 2007.

Thomas A. Larkin, Esq., John S. Stewart, Esq., Stewart, Sokol & Gray, LLC, Portland, OR, for Plaintiff–Appellant.

Brian R. Talcott, Esq., Thomas H. Tongue, Esq., Dunn Carney Allen Higgins & Tongue, Portland, OR, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Circuit Judge, SILVERMAN and BYBEE, Circuit Judges.

## MEMORANDUM **

Christopher Vander Kley appeals the district court's dismissal of his diversity action against Acstar Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part, reverse in part and remand.

■ Vander Kley argues that the district court erroneously dismissed as unripe his claims arising out of Acstar's settlement with OC America. In ruling on Acstar's facial motion to dismiss for lack of subject matter jurisdiction, the district court appears to have looked beyond the allegations of the first amended complaint in deciding that the case was not ripe. The complaint alleged a present injury—namely, that Acstar damaged Vander Kley by having impeded Vander Kley's pursuit of its legal remedies against OC America. On a facial motion to dismiss, the district court was required to assume the allegation to be true. *Savage v. Glendale Union High Sch. Dist.,* 343 F.3d 1036, 1039 n. 2 (9th Cir.2003). It remains to be seen, at the summary judgment stage or at trial, whether the allegation is substantiated by proof—e.g., whether Vander Kley actually pursued his legal remedies, was actually impeded by OC America, and actually sustained damages. However, the complaint should not have been dismissed as unripe at the pleading stage, and we reverse. To whatever extent the district judge was treating the motion to dismiss as one for failure to state a claim, dismissal with leave to amend would have been the proper course, in the absence of a finding that amendment would be futile.[1]

■ Vander Kley also asserts that the district court erred by dismissing his negligence claims for failure to state a claim upon which relief can be granted. As to this claim, we affirm. As Vander Kley concedes, nothing in the surety relationship created by the contracts suggested that Vander Kley would relinquish control over his business or that Acstar would exercise independent judgment solely for Vander Kley's benefit when paying claims on the bonds. Nor could the special relationship arise merely because Vander Kley relinquished financial control to Acstar. *Bennett v. Farmers Ins. Co. of Or.,* 332 Or. 138, 26 P.3d 785, 799 (2001). The district court correctly dismissed the tort claims arising out of Acstar's failure to pay employee payroll taxes for failure to state a claim upon which relief can be granted.[2] *Id.*

■ Finally, Vander Kley argues that the district court erred in dismissing his breach of contract claim arising from Acstar's failure to pay employee payroll taxes. We agree, and reverse the dismissal of this claim. The first amended complaint alleged that Acstar "took over the payroll" and paid the employees, but did not pay employee taxes. A surety's direct pay-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Vander Kley represents that he now has pursued and settled his claims against OC America.

2. We affirm only the district court's dismissal of the negligence claims based on the surety relationship between Acstar and Vander Kley. The district court dismissed as unripe all of the claims arising from Acstar's settlement with OC America. Because we reversed that dismissal, to the extent the settlement claims allege negligence based on a contractual agreement that arose between Acstar and Vander Kley when Acstar agreed to jointly pursue Vander Kley's claims against OC America, it remains open on remand for the district court to determine whether the required special relationship existed.

ment of employees' wages exposes it to liability for employee payroll taxes. 26 U.S.C. § 3505(a) (2007); 26 C.F.R. § 31.3505–1(a) (2007). Thus, Vander Kley alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Erickson v. Pardus*, —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs on appeal.